UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

        Plaintiff,

-against-

NEW YORK STATE INSURANCE FUND,
*et al.*,

        Defendants.

19-CV-11831 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff Robert W. Johnson, of the Bronx, New York, brings this action *pro se*. By order dated January 16, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

    A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that

"finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff brings this action against multiple corporations, insurance companies, and individuals including Broadway Taxi, New York State Insurance Fund, Brian Drake, Caitlin Hilliard, Broadway Cab, Axxess Insurance Company, Progressive Corporation, New York State Department of Transportation, Spreemo, Carisk Imaging, Clarissa M. Rodriguez, ADESA Corporation, Global Liberty Insurance, Forest Lawn Cemetary, Iomi HSCC, and Allstate Insurance.

Plaintiff alleges that Defendants denied him "retroactive payments for billings sustained from" two workers' compensation claims arising from car accidents that occurred in early 2017. (*Id.* at 3.) He seeks "$999 trillion" in punitive damages; "$999 billion" for "future pain and suffering"; "$999 million" in "sanctions for employee discrimination"; and "100% ownership" of Defendants' corporations, bank accounts, assets, stocks, and properties. (*Id.* at 4.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, and in light of Plaintiff's abusive litigation history, discussed below, the Court declines to grant Plaintiff leave to amend.

Plaintiff has filed scores of cases around the country in connection with 2017 car accidents in Buffalo and Syracuse, New York, and this complaint is consistent with his pattern of vexatious and frivolous litigation. In *Johnson v. Wolf*, ECF 1:19-CV-7337, 5 (S.D.N.Y. Nov. 5, 2019), Judge Wood, after discussing Plaintiff's extensive litigation history, dismissed Plaintiff's action as frivolous, for failure to state a claim upon which relief may be granted, and for seeking monetary relief against Defendants who are immune from such relief; he also ordered Plaintiff to show cause why he should not be barred from filing any future action IFP in this Court without prior permission). Plaintiff did not file a declaration as directed, but instead, on November 13, 2019, Plaintiff filed a notice of appeal. That appeal is pending.[1]

By order dated January 27, 2020, entered in *Johnson v. Town of Onondaga*, ECF 1:19-CV-11128, 4 (CM) (S.D.N.Y. Jan. 27, 2020), this Court also directed Plaintiff to show cause why a filing injunction should not be imposed. And at least one other court has already barred Plaintiff from filing *pro se* complaints without prior permission. *See Johnson v. Abel,* No. 19-CV-2685 (E.D. Ohio Aug. 5, 2019) (deeming Plaintiff a "vexatious" litigant and barring him from filing new *pro se* actions without prior leave of court).

The Court's prior warnings remain in effect.

---

[1] A review of the Public Access to Court Electronic Records (PACER) system reveals that since November 5, 2019, Plaintiff has filed ten new actions in other federal district courts and, including this case, four new actions in this Court. *See Johnson v. New York State Ins. Fund*, ECF 1:19-CV-11831, 2 (S.D.N.Y. filed Dec. 20. 2019); *Johnson v. Progressive.com*, ECF 1:19-CV-11202, 2 (S.D.N.Y. filed Dec. 5, 2019); *Johnson v. New York State Dep't of Trans.*, ECF 1:19-CV-11127, 2 (S.D.N.Y. filed Dec. 2, 2019).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 14, 2020
       New York, New York

COLLEEN McMAHON
Chief United States District Judge